UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMONE KNOX,

        Plaintiff,

v.                                                              CASE NO. 2:15-cv-12705
                                                                HON. NANCY G. EDMUNDS
TIM DONNELLON, THE CITY OF PORT HURON,
SERGEANT SZELOG, SERGEANT HILL,
DOCTOR KROUSE, SARAH RUSSELL, and
THE UNITED STATES OF AMERICA,

        Defendants.
_____/

## ORDER SUMMARILY DISMISSING THE COMPLAINT

### I.  Introduction

Plaintiff Raymone Knox has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He appears to allege in his complaint that he is a federal detainee housed at the St. Clair County Jail in Port Huron, Michigan.  The defendants are St. Clair County Sheriff Tim Donnellon; the city of Port Huron; Sergeants Szelog and Hill; Dr. Krouse; nurse Sarah Russell; and the United States of America.

The complaint alleges that, when Plaintiff arrived at the St. Clair County Jail on May 8, 2015, he informed an intake nurse about his medical issues and the medications that he was taking.  He explained to the nurse that he was required to take his medications with food to prevent his stomach from bleeding.  The nurse responded that a doctor would see Plaintiff, and on June 2, 2015, Plaintiff received his medications(Naproxin, Geodon, and Cymbalta) with a bag of snacks to take with his medications.

On June 11, 2015, defendant Sarah Russell informed Plaintiff that he should not be getting a snack bag because he was not taking Geodon.  On June 14, 2015, a different nurse informed Plaintiff that he would no longer be receiving a snack bag. When Plaintiff replied that he needed food when taking Naproxin to avoid stomach bleeding, the nurse suggested that Plaintiff make a medical request.  Plaintiff subsequently submitted a medical request to jail officials with a grievance.  Sergeant Hill denied Plaintiff's grievance on the basis that medical staff had said the snack bag was required for Geodon, but not Naproxin.  Plaintiff requested a drug fact sheet to show that  he was required to take food with Naproxin, but a nurse stated that Dr. Krouse instructed her not to give him the drug fact sheet.

On June 23, 2015, Plaintiff spoke with Dr. Krouse, who informed Plaintiff that he could not give him a snack bag because that would mean he had to give a snack bag to everyone who took Naproxin.  Plaintiff then filed another grievance, which Sergeant Szelog denied on the basis that, according to Sarah Russell, Dr. Krouse discontinued the snack bag because it was not needed.

Plaintiff claims that Sheriff Tim Donnellon and the City of Port Huron have a duty to ensure that their employees are properly trained, and the United States of America has a duty to ensure that he is in a safe environment.  He seeks money damages for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  He also seeks to be transferred to another facility because he fears retaliation and lacks access to a library.

## II.  Legal Framework

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  To prevail on a claim under 42 U.S.C. § 1983, a prisoner must prove "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law."  *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

### A. The Claim against Dr. Krouse and Nurse Sarah Russell

Plaintiff alleges that the defendants have violated his Eighth Amendment right not

to be subjected to cruel and unusual punishment.

> A prison doctor violates the Eighth Amendment when she exhibits "deliberate indifference to [the] serious medical needs" of a prisoner. *Estelle* [*v. Gamble*, 429 U.S. 97, 104 (1976)].   An Eighth Amendment claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).   The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind."   *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

*Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013).  To be liable under the subjective

component of this test,

> the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," *id*. at 835, but they must act with more than mere negligence, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005). . . .

> An official is deliberately indifferent where she (1) "subjectively perceived facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk."   *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970).

*Id*. at 591.

Plaintiff's bone of contention is that his snack bag was taken away despite the

fact that he allegedly needs food when he takes his medication to prevent his stomach

from bleeding.  Dr. Krouse and Sarah Russell, however, determined that Plaintiff did not

need a snack bag with his medications.  When, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Plaintiff's allegations establish nothing more than a difference of opinion about whether he needed food when taking his medications.  A medical decision not to order certain measures does not constitute cruel and unusual punishment, *Estelle*, 429 U.S. at 107, and a mere "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action."  *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004).

Plaintiff has not alleged that he suffered any ill effects after the defendants discontinued his snack bag, and he has not demonstrated that the defendants perceived a substantial risk to him without the snack bag and then disregarded the risk.  Therefore, Plaintiff has not satisfied the subjective component of an Eighth Amendment claim, namely, a culpable state of mind.  As such, his allegations under the Eighth Amendment fail to state a plausible claim for relief.

### B.  The Claims against Sergeants Szelof and Hill and the United States

Plaintiff alleges that Sergeants Szelof and Hill denied his grievances concerning the discontinuation of snack bags.  The denial of administrative grievances is not a basis for holding a person liable under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011).  Consequently, Plaintiff has failed to state a plausible claim against defendants Szelof and Hill.  As for Plaintiff's attempt to hold the United States liable for not ensuring that he is confined in a

safe environment, "[t]he United States, as sovereign, is immune from suit" unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also* *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (stating that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature.") (internal citations omitted). The United States has not consented to be sued in this § 1983 action and, therefore, it is immune from suit.

### C.  The Claim against the Sheriff and the City

Plaintiff alleges that Sheriff Donnellon and the City of Port Huron have a duty to make sure that their employees are properly trained and held accountable for any wrongdoing. It appears, however, that all the individual defendants are employed by St. Clair County, not the City of Port Huron. Thus, the City had no obligation to train the defendants or to hold them accountable for any wrongdoing.

Sheriff Tim Donnellon, on the other hand, apparently supervises deputy sheriffs Szelof and Hill. But "a prerequisite of supervisory liability under § 1983 is unconstitutional conduct by a subordinate of the supervisor." *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006). Szelof and Hill did not violate Plaintiff's constitutional rights when they denied Plaintiff's grievances on the basis of a medical opinion that Plaintiff did not need a snack bag with his medications.

> Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874).

6

*Id.*   The facts as alleged in the complaint fail to show that defendant Donnellon encouraged any misconduct or had any involvement in the incidents about which Plaintiff complains.   Therefore, Donnellon is not liable for Szelof and Hill's conduct.

### IV.  Conclusion

For the reasons given above, Plaintiff's request for money damages lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted. The request for injunctive relief (a transfer to a different facility) is moot because records maintained by the Federal Bureau of Prisons on its official website indicate that Plaintiff currently is being housed in Detroit.   *See* http://www.bop.gov/inmateloc/.   The Court therefore summarily dismisses the complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).   An appeal from this decision would be frivolous and could not be taken in good faith.   28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:10/8/15